# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 6, 2013

144414

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

DENNIS LEE TOMASIK,
        Defendant-Appellant.

SC: 144414
COA: 279161
Kent CC: 06-003485-FC

_____/

By order of April 3, 2013, the application for leave to appeal the November 29, 2011 judgment of the Court of Appeals was held in abeyance pending the decision in *People v Musser* (Docket No. 145237). On order of the Court, the case having been decided on July 12, 2013, 494 Mich 337 (2013), the application is again considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we VACATE in part the judgment of the Court of Appeals. We REMAND this case to the Court of Appeals for reconsideration, in light of *People v Musser*, 494 Mich 337 (2013), *People v Kowalski*, 492 Mich 106 (2012), and *People v Grissom,* 491 Mich 296 (2012), of the following issues: (1) whether the Kent Circuit Court erred by admitting the entire recording of the defendant's interrogation; (2) whether the circuit court erred in admitting Thomas Cottrell's expert testimony regarding Child Sexually Abusive Accommodation Syndrome under current MRE 702, and, if so, whether the error was harmless; (3) whether the circuit court erred in denying the defendant's motion for a new trial based on the newly disclosed impeachment evidence of the March 26, 2003 report authored by Timothy Zwart and the March 1, 2003 form completed by Denise Joseph-Enders; and (4) whether the defendant's trial counsel was ineffective by failing to object to the admission of the defendant's entire interrogation, by failing to object to Thomas Cottrell's testimony, and by failing to procure the expert testimony of Jeffrey Kieliszewski to challenge the testimony of Thomas Cottrell. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 6, 2013



s1030

Clerk